[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Beverly Gans has brought two actions against the Board of Education for the Town of Bloomfield. These two actions have been consolidated and were heard by the court on March 11 and 12. 1998.
In her revised complaint dated February 11. 1994 (docket #CV-93-531515) she alleges that she was employed from 1986 to June 8, 1992, as a mathematics tutor and that she was terminated on June 8, 1992 when she was notified that she would not be rehired for the 1992-1993 academic year. She claims that she was replaced by someone less qualified and experienced and who did not have teacher certification. She claims that her discharge was motivated at least in part by her race (white) in violation of General Statutes § 46a-60(a)(1) and in violation of Title VII of the Civil Rights Act of 1964; U.S.C § 2000 et seq. She further claims that her discharge was in retaliation for her having publicly criticized the policies of the school administration, (including "heterogenous grouping" of the 9th grade students and the use of certain mathematics text books) in violation of General Statutes § 31-51q. She seeks damages for loss of salary as well as emotional distress.
In her revised complaint dated March 14, 1997 (document #96-0563200 S) plaintiff alleges that she applied as a tutor to Arace Middle School as well as for a position of "Chapter 1" tutor at Bloomfield High School for the school year 1994-1995. Here again she claims that the defendant hired individuals who were less qualified than plaintiff and/or without teaching certification. Here again she claims that defendant's refusal to hire her was motivated at least in part by her race (white), in violation of General Statutes § 46a-60(a)(1) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et sec. CT Page 4521
For the years 1992-1993 (revised complaint dated February 11, 1994), the court finds the following: The plaintiff was hired by the defendant from 1986 to June 8, 1992 as a math tutor and was highly qualified for the position. For each of these years she was hired pursuant to a one-year contract. Thus, this case involves an alleged failure to rehire, and not a wrongful discharge. Plaintiff claims she was not rehired for the school year 1992-1993 in part because of reverse discrimination in that she is white, and in part in retaliation for her having criticized the policies of the school administration.
For that school year twelve tutoring positions were open. The positions were posted or advertised and several people applied. Although the posting originally stated that Connecticut teacher certification was required (Plaintiff's Exhibit 3), this was in error and was later amended to state that Connecticut teacher certification was preferred. (Plaintiff's Exhibit 6). Thus, teacher certification was not required for tutoring positions. although a college degree was required. Eleven of the positions were filled by persons who were white. and one position was filled by Jennifer Smith who was black. Smith was applying for a position of tutoring in grades 5 through 11. Joanne Harper who had interviewed Smith was impressed with her resume (see Plaintiff's Exhibit 26). as well as her interview. She was especially impressed with how she had worked with high school children. Harper's decision to hire Smith had nothing to do with her race. In Harper's opinion she was simply the best qualified for the position. The court does not agree with the plaintiff's claim that she was not hired because she had publicly criticized the policies of the school administration. She stated that she had gone to meetings where she had criticized "heterogenous grouping", and the use of certain school books. The court has found no evidence that the school had retaliated against her for these or any other reasons. All the persons who were hired, whether white or black, were those who were the most qualified for the positions which they were seeking.
Furthermore, the very fact that the plaintiff has since been hired by the Bloomfield School System, even after bringing suit, is further indication to the court that there has been no retaliation against the plaintiff for stating any of her opinions about school policy.
For the 1994-1995 school year the plaintiff applied for a position as a tutor at the Carmen Arace Middle School in CT Page 4522 Bloomfield. In August of 1994 she was interviewed for a tutoring position in math by Marilyn Feldman, the principal of the school. During that month Mrs. Feldman interviewed approximately twelve candidates for four positions. There were two openings for tutoring in language arts, one opening for tutoring of new arrivals from the islands (including Haiti and Jamaica), and one opening for tutoring in math. The plaintiff applied for the position of tutoring in math. The positions were filled as follows: Anita Saxe was hired for language arts. She was white. Renee Friedman was hired as a tutor for new arrivals. She was white. Andrew Tripp was hired for a tutoring position in math. He was white. Jessica Hammond was hired for language arts. She was black. Thus. there was only one position in math, and that position was filled by Andrew Tripp who was white. Clearly, race was not a factor in hiring Tripp instead of the plaintiff for the math position. It is also clear that, although Jessica Hammond was black, she was hired to teach language arts. She had worked in the middle school the previous year and had much better middle school experience than the plaintiff. She had excellent references.
In October of 1994 another position for tutoring at Arace Middle School opened up suddenly, when one of the tutors, Gerri Apter, transferred to another school. Gerri Apter had been a tutor in language arts. Janet Mighty, who was black became her replacement on the recommendation of the school principal. There was no evidence that she was recommended because of her race. The position was not posted or advertised, but this was not unusual inasmuch as there was a need to fill the position immediately. Subsequently, when it came to light that Janet Mighty did not have a college degree, which was a requirement for the job, she was transferred to a paraprofessional position and her pay was reduced accordingly. Thus, it is not clear whether the tutoring position was still available for that school year.
Although the plaintiff claims that defendant's refusal to hire her for the 1994-95 school year was motivated in part by her being white, the court disagrees. The court finds that the defendant showed by clear and convincing evidence that of the candidates interviewed in August for the four available positions, the best qualified persons were chosen irrespective of race.
It is true that the defendant actively seeks minority candidates for tutorial positions. 90% of the student body CT Page 4523 consists of minorities, and it is for this reason that the defendant would like the ethnic make-up of the staff to mirror that of the student body as much as possible. At the present time the tutorial staff consists of 65% whites and 35% non-whites. Nevertheless, the defendant hires only those persons best suited for the positions available irrespective of race.
In summary, plaintiff has failed to show that she was discriminated against because of her race or that she was retaliated against for stating her views on administration policy. Furthermore, the court finds that the defendant has shown with clear and convincing evidence that the best qualified candidates were chosen for each of the school years involved.
Accordingly, judgment may enter for the defendant in each case.
Allen, Judge Trial Referee